UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUDY LIBRADO GONGORA POOT,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, ET AL,<br><br>Respondent. | Case No. 2:26-cv-04529-TLF<br><br>ORDER GRANTING UNOPPOSED HABEAS PETITION |

After petitioner was arrested and detained by Immigration and Customs Enforcement officers on October 9, 2026 and received a hearing before an Immigration Judge on November 5, 2026, he filed a petition for a writ of habeas corpus under 28 U.SC. § 2241. Dkt. 1.

The habeas corpus petition argues that the officers lacked an individualized basis to arrest him, and that his arrest and continued detention violate his constitutional right to due process. *Id.* at 24-26. Petitioner also states he has an approved I-130 and an approved I-601A, a U.S.-citizen wife, two U.S.-citizen sons, a home he owns, steady employment, and twenty-eight years of residence. *Id*. at 24. The habeas corpus petition requests that petitioner should be immediately released from detention, because the

government did not provide a pre-deprivation hearing before arresting and detaining him, and his due process rights were denied. *Id*. at 41.

The Court ordered respondents to "show cause why the writ of habeas corpus should not be granted[.]" Dkt. 3 at 1. The government filed an "abbreviated return" requesting "that this Court decide whether a writ should be granted based on the Petition and related filings." Dkt. 7. The abbreviated return does not contain legal argument or any factual assertions.

"In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal ... we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id*. at 375–76 (citation modified).

Here, petitioner argues that he has an approved I-130 and an approved I-601A, and that the government lacked a lawful basis to arrest and detain him. Dkt. 1. And although the government has full access to the relevant facts concerning petitioner's detention, it has offered no factual or legal basis to rebut his petition. Under these circumstances, "the Court is not duty bound to go find a reason for them—indeed the party presentation principle requires it to do the opposite." *Charles Alexander Ponzon Deroy v. Warden*, No. 5:26-CV-05972-BFM, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026). The government's election not to oppose the petition constitutes forfeiture of the

arguments it could have made. *Id*. (citing *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.")). Because the government has declined to present a defense in this case, the Court construes the habeas petition as intentionally unopposed and finds that the government has waived any challenge to the arguments raised in the petition. *See Carrillo v. Mullin,* No. 5:26-cv-05229 SK, 2026 WL 2815883 (C.D. Cal. Sep. 18, 2026).

As many other courts have found in such circumstances, the petition should be granted based on the government's "failure to oppose the primary relief sought." *Ponzon Deroy*, 2026 WL 3132157, at *2; *see also id*. ("As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted.").

In sum, the government has failed to meet its burden to show cause why the writ of habeas corpus should not be granted. The Court therefore GRANTS the unopposed petition (Dkt. 1) and ORDERS:

1. Respondents must release petitioner from immigration custody within 24 hours of this Order, subject to reasonable conditions of supervision, and return to petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.
2. Respondents must file with this Court a status report, on or before Monday, November 23, 2026, to confirm that petitioner has been released from custody.

3. If respondents seek to re-detain petitioner, respondents must first provide written notice and a hearing before a neutral decision maker at which time the government will bear the burden to show by clear and convincing evidence that petitioner is a flight risk or a danger to the community.
4. Counsel may apply for EAJA fees and costs consistent with the requirements of the statute.

Dated this 20th day of November, 2026.

Theresa L. Fricke
United States Magistrate Judge